UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JO ANN HALL, O/B/O JON C. HALL (DECEASED),<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br>Commissioner of Social Security,<br><br>Defendant. | No. CV-13-00043-JTR<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

**BEFORE THE COURT** are cross-Motions for Summary Judgment. ECF Nos. 12, 16. Attorney Cory J. Brandt represents Plaintiff;[1] Special Assistant United States Attorney Richard A. Morris represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 4. After reviewing the administrative record and the briefs filed by the parties, the court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

## JURISDICTION

On February 24, 2010, Plaintiff filed a Title II application for a period of

---

[1]While his application for benefits was pending, on March 14, 2012, Plaintiff unexpectedly died of a heart attack. Tr. 8-10. His mother was substituted as a party pursuant to HALLEX I-3-4-4. Tr. 8.

disability and disability insurance benefits, alleging disability beginning May 4, 2003. Tr. 25; 211. Plaintiff injured his back while working as a nurse's aide in a nursing home. Tr. 62-63. He testified that his pain grew progressively worse over time. Tr. 63. Plaintiff's claim was denied initially and on reconsideration, and he requested a hearing before an administrative law judge (ALJ). Tr. 89-135. A hearing was held on June 1, 2011, at which medical expert Thomas Colmey, M.D., vocational expert Thomas Polsin, and Plaintiff, who was represented by counsel, testified. Tr. 44-88. ALJ Caroline Siderius presided. Tr. 44. The ALJ denied benefits on June 30, 2011. Tr. 25-38. The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

## STATEMENT OF FACTS

The facts have been presented in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties and thus, they are only briefly summarized here. At the time of the hearing, Plaintiff was single, 41 years old, and lived alone in an apartment. Tr. 65. He did not complete high school, and he earned a GED in 1992. Tr. 81. Plaintiff said he attended community college courses for approximately eighteen months, but quit because he had trouble walking, carrying his bags, and with his concentration and memory. Tr. 65.

Plaintiff testified that during his prior job as a certified nursing assistant, he injured his back. Tr. 62. He continued to work after his injury, but eventually was let go. Tr. 64. Plaintiff's other prior work history includes work as a roofer, siding applicator and machinist. Tr. 79-80.

Plaintiff testified that he had trouble falling asleep and staying asleep at night. Tr. 75. He testified that he napped at least an hour approximately three to four times per day. Tr. 75. Plaintiff also testified that his daily activities were minimal. Tr. 68. He said he previously cared for a dementia patient who lived upstairs in his building, he performed small repairs at the building, and he mowed the lawn but later "regretted" it. Tr. 68-70. Plaintiff testified that he was not able

to keep his apartment clean, he did laundry "a little bit," he vacuumed "some," but in general, "I just don't do it." Tr. 70. He also said he shopped for groceries once a month. Tr. 70.

Plaintiff testified he was able to sit for about 15 minutes and stand for ten minutes at a time before he had to change positions. Tr. 73-74. He said he could walk "a couple hundred feet" before he had to stop and rest. Tr. 74. He estimated he was able to lift between 20 and 30 pounds. Tr. 74.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales, 402 U.S. 389, 401 (1971).* If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If substantial evidence exists to support the administrative findings, or if conflicting evidence exists that will support a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th

Cir. 1987).

## SEQUENTIAL PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); see *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-99. This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work; and (2) specific jobs exist in the national economy which claimant can perform. *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193-94 (2004). If a claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made. 20 C.F.R. §§ 404.1520(a)(4)(I-v), 416.920(a)(4)(I-v).

## ALJ'S FINDINGS

At step one of the sequential evaluation process, the ALJ found Plaintiff has not engaged in substantial gainful activity since December 1, 2008, through his last date of insured, December 31, 2008. Tr. 27. At step two, the ALJ found Plaintiff suffered from the severe impairments of "degenerative disc disease, degenerative changes right knee, and depression." Tr. 27. At step three, the ALJ found Plaintiff's impairments, alone and in combination, did not meet or medically equal one of the listed impairments. Tr. 27. The ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform light work with a few limitations:

> The claimant could not climb ladders, ropes, or scaffolding and he could occasionally climb stairs and ramps. He could frequently balance and he could occasionally stoop, crouch, kneel, and crawl.

He should have no exposure to heavy equipment or unprotected heights.  The claimant can have occasional contact with the general public and coworkers.  He can perform no more than average production requirements.  He can perform one to three step tasks.

Tr. 29.   At step four, the ALJ found that Plaintiff is unable to perform past relevant work.  Tr. 36.  The ALJ found that, considering Plaintiff's age, education, work experience and residual functional capacity, job existed in significant numbers in the national economy that Plaintiff could have performed, such as small parts assembler, or photocopy machine operator.  Tr. 36-37.  As a result, the ALJ found that Plaintiff was not disabled.  Tr. 37.

## ISSUES

Plaintiff contends that the ALJ erred by improperly weighing the medical evidence, the lay witness testimony, and by failing to identify specific jobs that Plaintiff could perform at Step Five.  ECF No. 12 at 11.

## DISCUSSION

**A.    Medical opinions.**

**1.    Merel Janes, M.D.**

Plaintiff contends that the ALJ erred by failing to provide a valid reason for rejecting the opinion from Merle Janes, M.D., and by failing to identify the findings that were inconsistent with other examining physician opinions.  ECF No. 12 at 13-14.

On May 21, 2006, Dr. Janes completed a physical evaluation form, opining that Plaintiff was limited to sedentary work.  Tr. 645.  Dr. Janes estimated Plaintiff's limitations would last 4-6 months.  Tr. 646.  Dr. Janes indicated that the treatment necessary to improve Plaintiff's employability involved strengthening Plaintiff's ligaments and muscles.  Tr. 646.

The ALJ gave little weight to the March 2006, DSHS physical evaluation completed by Dr. Janes that indicated Plaintiff is limited to sedentary work.  Tr. 34.  The ALJ rejected this assessment because it was provided two years prior to

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 5

Plaintiff's onset date, is inconsistent with other exam findings from the same time period, and the evidence reveals Plaintiff frequently exaggerated his symptoms. Tr. 34.

Contrary to Plaintiff's argument, the ALJ's reasons for rejecting Dr. Janes' opinion were valid. First, medical opinions that predate the alleged onset of disability are of limited relevance. *See Fair v. Bowen,* 885 F.2d 597, 600 (9th Cir. 1989); *Carmickle v. Comm'r, SSA,* 533 F.3d 1155, 1165 (9th Cir. 2008).   Second, an ALJ may discredit treating physicians' opinions that are unsupported by the record as a whole, or by objective medical findings.  *Tonapetyan v. Halter,* 242 F.3d 1144, 1149 (9th Cir. 2001).  Also, a physician's opinion may be rejected if it is based on a claimant's subjective complaints which were properly discounted. *Tonapetyan*, 242 F.3d at 1149.

In this case, Plaintiff's onset date was two years after the March 2006 evaluation.  The record also reveals that during that timeframe, other medical records reveal Plaintiff could do more than sedentary work, and that Plaintiff tended to exaggerate his symptoms.  Tr. 57; 496-99; 701-04; 758-66.  As such, the ALJ's reasons were valid and supported by the record.

Finally, even if the ALJ improperly rejected the opinion, such error would be harmless in light of the fact that Dr. Janes estimated Plaintiff's limitations would not last more than six months.  In order to be considered disabled, a plaintiff's disability must have either have lasted or be expected to last for a continuous period of not less than 12 months.  20 C.F.R. § 416.905(a).  Because Plaintiff's impairments were expected to last less than twelve months, the impairments were deemed not disabling under the regulations.  The ALJ did not err by giving little weight to the March 2006 opinion of Dr. Janes.

**2.    William Greene, Ph.D.**

Plaintiff contends that the ALJ erred by rejecting the opinions of William Greene, Ph.D., on the basis that the opinions were not supported by a narrative

explanation or objective evidence.  ECF No. 12 at 14.

On March 2, 2010, William Greene, Ph.D., completed a Psychological/ Psychiatric Evaluation.  Tr. 722-34.  In that form, Dr. Greene indicated Plaintiff's ability to work was moderately affected by depression.  Tr. 723.  Dr. Greene found that Plaintiff was moderately limited in his abilities to appropriately relate to coworkers and supervisors, interact appropriately in public contacts, respond appropriately to and tolerate the pressures and expectations of a normal work setting, care for himself including personal hygiene and appearance and maintain appropriate behavior in a work setting.  Tr. 725.  Dr. Greene estimated Plaintiff would experience his limitations for six months.  Tr. 726.  Dr. Greene indicated that while Plaintiff should train for work that was less strenuous than CNA work, his limitations were not expected to permanently prevent him from working:

> [Plaintiff] appears to need some brief therapy to help him deal with his pain and consequently his depression.  At the same time he needs to be retrained in a job that is more sedentary than working as a CNA. The extent of his physical capacity is deferred to a physician.  His difficulties are not seen as permanently preventing him from working, but he may need to change the type of work he has been doing.

Tr. 727.

On August 26, 2010, Dr. Greene again completed a Psychological/ Psychiatric Evaluation.  Tr. 769-84.  Dr. Greene assessed Plaintiff with the same four moderate limitations in social functioning, and noted,  "Nothing appears to have changed for this client. … as before, this client needs some brief therapy…. His difficulties are still not seen as permanently preventing him from working, but he may need to change the type of work he has been doing."

Tr. 774.  During this assessment, Dr. Greene estimated Plaintiff's symptoms would last between six to nine months.  Tr. 773.

The ALJ gave little weight to February and August 2010, DSHS evaluations. Tr. 35.  The ALJ noted that Dr. Greene opined Plaintiff's limitations would last

less than 12 months, and Plaintiff required brief therapy.  Tr. 35.  Also, the ALJ found that Dr. Greene did not provide a narrative report, and he provided cursory responses on the form.  Tr. 35.

The reasons provided by the ALJ for rejecting Dr. Greene's opinion are valid.  As noted above, in order to be considered disabled, a disability must have either have lasted or be expected to last for a continuous period of not less than 12 months."  20 C.F.R. § 416.905(a).  Both of Dr. Greene's opinions reveal Plaintiff's symptoms should last less than one year.  Tr. 726; 773.

Also, an ALJ may properly reject a treating physician's opinion that is conclusory and unsupported by clinical findings, particularly check-the-box style forms.  *See, Batson*, 359 F.3d at 1195 (ALJ did not err in giving minimal evidentiary weight to treating physician opinion in the form of a checklist, did not have supportive objective evidence, was contradicted by other medical opinions, and was based on the plaintiff's subjective descriptions of pain); *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) (treating physician's opinion may be rejected if it is brief, conclusory, and inadequately supported by clinical findings); *Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996) (ALJ permissibly rejected psychological evaluations because they were check-the-box reports that did not contain explanations of the bases of their conclusions).  In this case, neither of the forms completed by Dr. Greene provided detailed observations, discussions or opinions related to Plaintiff's diagnoses, prognosis or symptoms.

Finally, the opinions expressed by Dr. Greene do not directly contradict Plaintiff's RFC.  Dr. Greene explicitly indicated that Plaintiff should find work that is different or "more sedentary" than the work he performed as a CNA, and he deferred determinations about Plaintiff's physical capacity to a physician.  Tr. 726; 774.  Significantly, Dr. Greene opined that Plaintiff's symptoms should not permanently prevent him from working.  Tr. 727; 774.  The ALJ's reasons for giving little weight to Dr. Greene's opinions are valid and supported by substantial

evidence.

### 3.    John Watts, PA-C

Plaintiff argues that the ALJ erred by rejecting the opinions from the nurse practitioner sources, on the basis that the providers were not acceptable medical sources.[2]  ECF No. 12 at 15-18.  In evaluating the weight to be given to the opinion of medical providers, Social Security regulations distinguish between "acceptable medical sources" and "other sources."  Acceptable medical sources include, for example, licensed physicians and psychologists, while other non-specified medical providers are considered "other sources."  20 C.F.R. §§ 404.1513(a) and (e), 416.913(a) and (e), and SSR 06-03p.  However, an ALJ is required to consider observations by non-acceptable medical sources as to how an impairment affects a claimant's ability to work.  *Sprague,* 812 F.2d at 1232.  An ALJ must give reasons germane to "other source" testimony before discounting it.  *Dodrill v. Shalala,* 12 F.3d 915 (9th Cir. 1993).  To qualify as germane, a reason for disregarding the testimony of a lay witness must be more than a wholesale dismissal of all such witnesses as a group, but rather must be specific to the individual witness.  *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996).

The record does not support the Plaintiff's claim.  While the ALJ noted that these sources were not acceptable sources, the ALJ provided detailed reasons for the weight given to each opinion.  Tr. 34-35.  Because the ALJ gave valid reasons, discussed in detail below, for the weight accorded to each provider's opinion, the

---

[2]Plaintiff asserts that the ALJ also erred by rejecting the opinion of Deborah Miller, ARNP, for the same reason.  ECF No. 12 at 15.  However, the Plaintiff failed to provide argument or analysis related to Ms. Miller and the ALJ's rejection of her opinion, and thus the court will not review the issue as it relates to her.  *See Carmickle*, 533 F.3d at 1161 n.2 (the court does not consider matters on appeal that are not specifically and distinctly argued in an appellant's opening brief).

mere acknowledgement that the source was not an acceptable medical source does not constitute error.

On October 25, 2006, Mr. Watts completed a Physical Evaluation form.  Tr. 677-80.  In describing Plaintiff's physical limitations, Mr. Watts wrote "low back [range of movement] slightly limited due to pain."  Tr. 678.  Mr. Watts assessed Plaintiff's low back pain as posing marked limitations in several work related activities, and he assessed Plaintiff's overall work level as sedentary.  Tr. 679.  Under the comment section, Mr. Watts noted in part:  "This patient said he has tried everything available and still has pain that prevents him from working."  Tr. 680.

On February 23, 2007, Mr. Watts completed a second Physical Evaluation form.  Tr. 689-92.   In describing Plaintiff's physical limitations, Mr. Watts wrote "limited low back [range of movement]."  Tr. 690.  He again indicated Mr. Watts was limited to sedentary work.  Tr. 691.

The ALJ gave little weight to the October 2006, DSHS physical evaluation by John Watts, PA-C, that indicated Plaintiff is limited to sedentary work.  Tr. 34.  The ALJ rejected this opinion because it was provided more than two years prior to Plaintiff's onset date, Mr. Watts is not an acceptable medical source, and the opinion relied heavily upon Plaintiff's self-report.  Tr. 34.

Mr. Watts' second opinion, provided in February 2007, also limited Plaintiff to sedentary work.  Tr. 34.  This opinion was rejected because the record contains no treatment notes from October 2006 to February 2007, the record reveals Plaintiff sought treatment to gain benefits, and the opinion is inconsistent with the objective medical evidence.  Tr. 34.

A physician's opinion may be rejected if it is based on a claimant's subjective complaints which were properly discounted.  *Tonapetyan*, 242 F.3d at 1149.  Additionally, inconsistency with medical evidence is a germane reason for rejecting lay witness evidence.  *Bayliss v. Barnhart,* 427 F.3d 1211, 1218 (9th Cir.

2005).

Plaintiff contends the ALJ's finding that Mr. Watts relied primarily upon Plaintiff's self-report was error, because Mr. Watts observed Plaintiff experience difficulty moving onto and off of the exam table. ECF No. 12 at 16. The record indicates that Mr. Watts examined Plaintiff six weeks apart in 2007, and Plaintiff's presentation changed dramatically between the visits. On January 12, 2007, Mr. Watts noted that while Plaintiff sat "very uncomfortably in the chair," he moved about the room "fairly well," and "gets on and off the exam table without difficulty." Tr. 606. Approximately six weeks later, on February 19, 2007, Mr. Watts noted that Plaintiff "[m]oves very slowly getting on exam table. He cannot lay flat with legs extended due to back pain. There is tenderness across the low back. Low back [range of movement] is severely decreased due to pain and stiffness." Tr. 609. On March 27, 2008, Mr. Watts noted that Plaintiff's "symptoms are out of proportion with his MRI and bone scan. I have some doubts whether his functional limitations are as bad as he presents …." Tr. 704.

The fact that Mr. Watts observed Plaintiff does not negate the evidence that Mr. Watts also relied upon Plaintiff's self-reports in assessing his physical limitations. Significantly, Mr. Watts eventually concluded that Plaintiff's reports of his symptoms were likely exaggerated. As such, the ALJ's reasons for giving little weight to Mr. Watt's opinion are supported by the record.

### 4.  Arthur M.A. Flores, PA-C

Plaintiff contends that the ALJ erred by indicating that she accepted Mr. Flores' opinion, but determined that his opinion was consistent with light work, instead of sedentary. ECF No. 12 at 16. Plaintiff argues that that the ALJ impermissibly substituted her own opinion about Plaintiff's work level for that of the expert. ECF No. 12 at 16.

On September 28, 2010, Mr. Flores completed a DSHS form that provided his assessment of Plaintiff's functioning. In that form, Mr. Flores indicated that

Plaintiff's work function could be expected to be impaired for four months, he could stand for seven hours and/or sit for seven hours in an eight-hour workday. Tr. 785. He also estimated that Plaintiff can lift 20 pounds occasionally and ten pounds frequently. Tr. 785. In the comment section, Mr. Flores indicated that Plaintiff believed he could work in a sedentary job. Tr. 786.

The ALJ gave "some weight" to the September 28, 2010, opinion from Arthur M.A. Flores, PA-C. Tr. 34. Mr. Flores indicated that Plaintiff is limited to sedentary work, but the ALJ found that the specific limitations reveal Mr. Flores' opinion that Plaintiff can perform light exertion work. Tr. 34.

As Defendant points out, Mr. Flores did not opine that Plaintiff was limited to sedentary work, but instead he simply relayed Plaintiff's opinion about his own ability to perform sedentary work. ECF No. 16 at 18. The regulations define light work as work that:

> [I]nvolves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 CFR §§404.1567(b), 416.967(b). By contrast, sedentary work is described as work that:

> [I]nvolves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying

out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 CFR §§404.1567(a), 416.967(a).

Mr. Flores' opinion that Plaintiff could stand for seven hours in an eight hour workday, and could lift 20 pounds occasionally and ten pounds frequently more closely resembles light, not sedentary, work under the social security regulations. "Adjudicators must not assume that a medical source using terms such as 'sedentary' and 'light' is aware of [the SSA] definitions of these terms." SSR 96-5p. As such, the ALJ's use of the limitations assessed by Mr. Flores to determine Plaintiff could perform light work was not error.

Finally, even if the ALJ improperly rejected the opinion, such error would be harmless in light of the fact that Mr. Flores estimated Plaintiff's limitations would last for four months. In order to be considered disabled, a plaintiff's disability must have either have lasted or be expected to last for a continuous period of not less than 12 months. 20 C.F.R. § 416.905(a). Because Plaintiff's impairments were expected to last less than twelve months, the impairments were deemed not disabling under the regulations. The ALJ did not err by giving little weight to the opinion of Mr. Flores.

**B.   Lay Witness Evidence**

Plaintiff argues that the ALJ improperly rejected the testimony of Nan Kelly, MSW, disability advocate, on the basis that she did not examine Plaintiff to determine if he had objective findings to support his complaints. ECF No. 12 at 17. Ms. Kelly wrote a letter on June 4, 2010, in which she relayed she had observed Plaintiff use a cane, and that he had good days and bad days that were evidenced by his varied difficulty with sitting, walking, and standing. Tr. 248. On August 18, 2010, Ms. Kelly stated that Plaintiff had begun to use a cane at every visit and was shuffling his feet to retain balance. Tr. 258. She relayed Plaintiff's concerns that his medical providers were not taking his pain complaints seriously.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 13

Tr. 258.

The ALJ gave little weight to the letters from Ms. Kelly for several reasons. Tr. 33. The ALJ noted that Ms. Kelly's assertions were contradicted by several medical providers, and in light of numerous references in the record to Plaintiff's exaggerated symptoms, the ALJ concluded that Plaintiff likely exaggerated his symptoms to Ms. Kelly. Tr. 33.

The ALJ has a duty to consider lay witness testimony. 20 C.F.R. §§ 404.1513(d); 416.913(d); *Molina v. Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2012). The ALJ must provide germane reasons for rejecting lay testimony. *Molina*, 674 F.3d at 1114. In this case, contrary to the Plaintiff's assertions, the ALJ did not reject Ms. Kelly's assessment simply because she was not an accepted medical provider. Instead, the ALJ compared Ms. Kelly's assessment with the medical providers' opinions, and in light of the evidence of Plaintiff's symptom exaggeration, determined that Ms. Kelly's opinion was entitled to less weight because it contradicted the medical evidence. This is a germane reason to reject lay evidence, and is supported by the record. The ALJ did not err.

## C.    Step Five

Finally, Plaintiff contends that the ALJ erred at step five, because the ALJ relied upon a hypothetical that failed to include all of Plaintiff's limitations. ECF No. 12 at 18. Also, Plaintiff argues that the ALJ erred by relying upon the vocational expert testimony because the VE could not provide updated data on how the jobs are currently performed, and the VE failed to provide specific job numbers. ECF No. 12 at 19.

At step five of the sequential evaluation, the burden is on the Commissioner to show that (1) the claimant can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984). If a claimant cannot return to his previous job, the Commissioner must identify specific jobs

existing in substantial numbers in the national economy that the claimant can perform. *See Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir.1995).

The hypothetical that ultimately serves as the basis for the ALJ's determination, i.e., the hypothetical that is predicated on the ALJ's final RFC assessment, must account for all of the limitations and restrictions of the particular claimant. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009). "If an ALJ's hypothetical does not reflect all of the claimant's limitations, then the expert's testimony has no evidentiary value to support a finding that the claimant can perform jobs in the national economy." *Id*. However, the ALJ "is free to accept or reject restrictions in a hypothetical question that are not supported by substantial evidence ." *Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006). Also, an ALJ may synthesize and translate assessed limitations into an RFC assessment (and subsequently into a hypothetical to the vocational expert) without repeating each functional limitation verbatim in the RFC assessment or hypothetical. *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1173-74 (9th Cir. 2008) (holding that an ALJ's RFC assessment that a claimant could perform simple tasks adequately captured restrictions related to concentration, persistence, or pace, because the assessment was consistent with the medical evidence). A claimant fails to establish that a Step 5 determination is flawed by simply restating argument that the ALJ improperly discounted certain evidence, when the record demonstrates the evidence was properly rejected. *Stubbs-Danielson*, 539 F.3d at 1175-76.

In arguing the ALJ's hypothetical was incomplete, Plaintiff simply restates his argument that the ALJ's RFC finding did not account for all his limitations because the ALJ improperly discounted certain evidence. As discussed above, the court concludes the ALJ did not err in weighing the medical evidence.

Plaintiff also claims that the ALJ erred at step five because the Dictionary of Occupational Titles has not been updated in several years and because the

vocational expert could not identify data showing how jobs are currently performed. ECF No. 12 at 19. Plaintiff fails to cite authority for his proposition, and the court finds none. The VE testified that someone with Plaintiff's limitations could perform such as small parts assembler, or photocopy machine operator. Tr. 36-37. Such a description is sufficiently specific to identify jobs that match Plaintiff's abilities. Moreover, the DOT is considered "the best source for how a job is generally performed." *Pinto v. Massanari,* 249 F.3d 840, 845 (9th Cir. 2001). The DOT creates a rebuttable presumption as to the job classification. *Tommasetti v. Astrue,* 533 F.3d 1035, 1042 (9th Cir. 2008). Plaintiff has failed to rebut the presumption. As a result, the ALJ did not err at step five.

## CONCLUSION

Having reviewed the record and the ALJ's conclusions, this court finds that the ALJ's decision is supported by substantial evidence and free of legal error. Accordingly,

**IT IS ORDERED**:

1.    Defendant's Motion for Summary Judgment, **ECF No. 16,** is **GRANTED**.

2.    Plaintiff's Motion for Summary Judgment, **ECF No. 12,** is **DENIED**.

The District Court Executive is directed to file this Order, provide copies to the parties, enter judgment in favor of Defendant, and **CLOSE** this file.

DATED March 31, 2014.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE